IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-05-86-S-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELEANOR ELAINE HICKMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Allow Withdrawal of Guilty Plea and Withdrawal of Counsel (Docket No. 12).  The Motion was filed the day before the July 12, 2005 sentencing hearing, and the Court took the Motion under advisement pending receipt of briefing on the plea withdrawal issue.  Defense counsel stated that Defendant was willing to have him represent her through the decision on the plea withdrawal issue despite the pending Motion to Allow Withdrawal of Counsel.

Having reviewed the record and the briefs of the parties, and being otherwise fully informed, the Court enters the following Order:

**ORDER - 1**

## BACKGROUND

Defendant, a postal worker, was charged on April 9, 2005, in a one-count Information alleging embezzlement and theft of mail matter by an employee between on or about March 2003 and on or about November, 2004.  *See* Docket No. 1.  Pursuant to a written plea agreement, Defendant entered a plea to Count 1 before United States Magistrate Mikel Williams on May 1, 2005.  The Magistrate's Report and Recommendation was filed on May 20, 2005, recommending acceptance of Defendant's plea of guilty.  *See* Docket No. 7.  Sentencing was scheduled for July 12, 2005 before this Court.

Defendant seeks to withdraw her plea on the grounds that she did not have the requisite intent to take the mail in question and convert it to her own use, that she had been pressured into entering the guilty plea, and that she did not adequately understand the ramifications of a felony conviction.  *See* Defendant's Argument and Authority at p. 3 (Docket No. 12).

Defense counsel seeks to withdraw as counsel on the grounds that irreconcilable differences have arisen between Defendant and counsel in that Defendant lacks confidence in his representation and wants to be represented by someone else.  *Id.*  The stated grounds are that she "had heard that defense counsel may not have been working in her best interest but rather working with the

**ORDER - 2**

government in order to resolve this matter which may not have been in her best interest." *Id.* The Government has not filed a response to the Motion to Withdraw as Counsel.

## APPLICABLE LAW AND DISCUSSION

### A.     Motion to Withdraw Guilty Plea

The necessary showing for withdrawal of a guilty plea differs depending upon the point in the proceedings at which the motion is made. A defendant may withdraw a plea of guilty *before* the Court accepts the plea for "any reason or no reason" or *after* the Court accepts the plea, but prior to sentencing, for a "fair and just reason." Fed. R. Crim. P. 11(d)(1) and (2)(B). The decision to allow withdrawal of a plea under 11(d)(2)(B) is solely within the discretion of the District Court. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). The defendant has the burden of showing a fair and just reason for withdrawal. *Id.* Fair and just reasons include an inadequate Rule 11 plea colloquy, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the plea was entered. *United States v. Davis*, 410 F.3d 1122, 1125-26 (9th Cir. 2005) (citing *United States v. Ortega-Ascanio,* 376 F.3d 879, 883 (9th Cir. 2004)). The Government argues that Defendant has not alleged any of those circumstances. *See* Response to Motion to Withdraw Guilty Plea, p. 3 (Docket No. 14). The

**ORDER - 3**

Government urges the Court to credit Defendant's sworn statements at the plea

hearing and the plea agreement over poorly supported claims of pressure to plead

guilty, failure to understand the ramifications of a felony conviction, and a change

of heart.  *Id.* at 4.

The Court need not make a determination regarding the sufficiency of

Defendant's claims, however, because this Court has not yet accepted Defendant's

plea.  The Ninth Circuit has made it clear that "defendants have an absolute right to

withdraw guilty pleas taken by magistrate judges at any time before they are

accepted by the district court."  *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121

(9th Cir. 2003) (en banc) (citing *United States v. Alvarez-Tautimez*, 160 F.3d 573,

576 (9th Cir. 1998); *United States v. Washman*, 66 F.3d 210, 212-13 (9th Cir.

1995)), cert. denied, 540 U.S. 900 (2003).  Although the Court in *Reyna* affirmed

the denial of the defendant's motion to withdraw his plea, the district judge in that

case had issued a separate order accepting the guilty plea prior to the defendant's

motion.  Here, however, although the Magistrate's Report and Recommendation has

been filed, this Court has not yet accepted Defendant's plea.  Therefore, Defendant

may withdraw her plea for any reason and does not have to demonstrate a fair and

just reason for doing so.  The Court will therefore grant the Defendant's motion and

this matter will be scheduled for trial.

**ORDER - 4**

### B.    Motion to Allow Withdrawal of Counsel

The Criminal Justice Act, 18 U.S.C. § 3006A(c) provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings."  Appointed counsel may withdraw only upon an order of the Court finding good cause exists and granting leave to withdraw.  D. Idaho L. Crim. R. 44.1(b).

The Court will treat this motion as a motion for substitution of counsel.  *See United States v. Franklin,* 321 F.3d 1231, 1238 (9th Cir. 2003) (assuming without deciding that defense counsel's request to withdraw was tantamount to a motion for substitution), cert. denied, 540 U.S. 858 (2003).  A district court may exercise its discretion in ruling on such motions, and denials are reviewed by the Ninth Circuit for abuse of discretion by considering (1) the adequacy of inquiry into the defendant's complaint, (2) the extent of the conflict between defendant and counsel, and (3) the timeliness of the motion and extent of any resulting inconvenience or delay.  *United States v. Cassel*, 408 F.3d 622, 637 (9th Cir. 2005).  An indigent defendant is not entitled to appointed counsel of his or her choice.  *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380, n. 2 (9th Cir. 1991), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995).  A defendant seeking to replace one appointed counsel with another must justify the replacement despite the

**ORDER - 5**

absence of resulting delay.  *Id.*  However, the Court should still inquire into whether the nature of the conflict is such that it is resulting in a lack of communication preventing an adequate defense.  *Id.*  Although a hearing inquiring into the grounds for a motion to substitute counsel is generally preferred, it is not necessary.  *United States v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002) (citing *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).  The court's own observations may be sufficient, especially where there is no showing that the alleged conflict prevented counsel from presenting an adequate defense.  *McClendon*, 782 F.2d at 789.

Because the Court is allowing Defendant to withdraw her plea, there may be no resulting delay from allowing substitution of counsel.  However, as stated above, that is irrelevant since she would be substituting one appointed counsel for another.  However, the Court finds that Defendant has failed to allege adequate grounds for substituting counsel.  Indeed, the grounds are highly speculative based on having "heard" that counsel may not be working in her best interests and are not supported by affidavit.  Furthermore, based on the Court's observations of Defendant's demeanor at the hearing, the fact that Defendant was comfortable with allowing current counsel to represent her on the guilty plea motion, and that defense counsel was able to successfully represent her in withdrawing her guilty plea, the Court

**ORDER - 6**

concludes that the attorney-client relationship has not deteriorated to the level that counsel will be unable to provide effective representation.  However, if further grounds develop and the relationship does so deteriorate, Defendant may renew her motion, appropriately supported by an affidavit detailing those grounds.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Allow Withdrawal of Guilty Plea (Docket No. 12-1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion to Allow Withdrawal of Counsel (Docket No. 12-2) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Court will schedule a five-day jury trial in this matter beginning on **September 19, 2005** at the U.S. Courthouse in Boise, Idaho.  **The first day of trial will begin at 1:30 p.m. and all other days at 9 a.m.**  A telephonic trial readiness conference will be held on **September 8, 2005 at 4 p.m.** with the Government to initiate the call with all parties on the line to the Court at (208)334-9145.

DATED:  **July 28, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 7**